UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SALITA V. LATSON,**

          **Plaintiff,**

-vs-                                                **Case No. 6:05-cv-1435-Orl-19KRS**

**HARTFORD INSURANCE d/b/a THE
HARTFORD FINANCIAL SERVICES GROUP,
INC.**

          **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1. Defendant Hartford Insurance's Motion to Dismiss Count III of Plaintiff Salita V. Latson's Complaint and Incorporated Memorandum of Law. (Doc. No. 15, filed on November 15, 2005).

2. Plaintiff Salita V. Latson's Response to Defendant Hartford Insurance's Motion to Dismiss Count III. (Doc. No. 18, filed on November 19, 2005).

**Background**

The following allegations are drawn from Plaintiff Salita Latson's Complaint. (Doc. No. 1, filed on September 29, 2005).

Salita Latson ("Latson") was an employee of Hartford Insurance ("Hartford") and was the only African-American claims adjuster in her department. (*Id.* at ¶¶ 6, 7). Rica White ("White") was also an employee at Hartford and supervised Latson beginning in May 2004. (*Id.* at ¶¶ 7, 8). Prior to

White's supervision of Latson, she had been considered a very good employee and had never been reprimanded for her job performance. (*Id.* at ¶ 8).

Latson alleges that the conversations and contacts initiated by White were offensive, discriminatory, harassing and had a racially biased tone. (*Id.* at ¶ 9). Latson contends that she was subjected to unwarranted reprimands, verbal abuse, excessive supervision, ostracization, and unnecessary discipline while Caucasian employees who did the same things Plaintiff had done were not. (*Id.*)

In June 2004, Latson discovered she was pregnant and informed White of her pregnancy. (*Id.* at ¶ 10). After disclosing this information, White allegedly began to intimidate Latson and threatened her with termination. (*Id.*) Due to continued harassment and threats, Latson began to have problems with her pregnancy and was required to go on short term disability at the request of her physician. (*Id.*) After being on disability leave, White allegedly contacted Latson and informed her that her job was in jeopardy if she did not return to work. (*Id.*) Fearing she would lose her job, Latson returned to work and experienced a miscarriage. (*Id.*)

Latson contends that she and other African-American female employees reported White's conduct to management, but no actions were purportedly taken by management to stop White's conduct. (*Id.* at ¶¶ 11, 12). Latson contends she was constructively discharged from her employment and that Defendant retaliated against her. (*Id.* at ¶ 12).

On September 29, 2005, Plaintiff Salita Latson filed a complaint with three counts. (Doc. No. 1). Count I is a claim under Title VII for racial harassment, hostile work environment, and retaliation. Count II is a claim under Florida Statutes, Section 760.01 for racial harassment, hostile work environment, and retaliation. Count III is a claim for negligent retention, training and supervision.

On November 15, 2005, Defendant Hartford Insurance Company filed a Motion to Dismiss Count III of Plaintiff's complaint. Defendant argues that the complaint fails to state a claim for relief for negligent retention, training, and supervision under Florida law because 1) Plaintiff has failed to allege an underlying tort recognized under Florida law; and 2) even if Plaintiff alleged an underlying tort recognizable at common law, she cannot maintain a claim for negligent retention, training and supervision when she has not alleged an injury resulting from physical impact.

On November 19, 2005, Plaintiff responded to Defendant's Motion to Dismiss by arguing that she does not allege a common law cause of action for sexual harassment, that a miscarriage is a physical impact, that she may recover compensatory damages for Defendant's negligence even without an impact, and that she has alleged the underlying tort of intentional infliction of emotional distress. Plaintiff also requests leave to amend if Defendant's motion is granted.

This Order analyzes Defendant's Motion to Dismiss.

## Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the pleadings and written instruments attached as exhibits thereto. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**Analysis**

Defendant's first argument is that Plaintiff cannot state a claim for negligent retention, training, or supervision under Florida law because her claim is not based on an underlying tort cognizable under Florida common law.

To prevail on claims of negligent supervision, retention, and training, the plaintiff must demonstrate that the defendant employer owes a duty to the plaintiff, the breach of which is the proximate cause of the plaintiff's injuries. *See Watson v. City of Hialeah*, 552 So.2d 1146 (Fla. 3d DCA 1989). Negligent retention occurs when, "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Id.* at 438-39. Negligent supervision is when an employer knows or has reason to know that it is necessary to control an employee to prevent the employee from intentionally harming others and the employer knows or has reason to know that he has the ability to control his employee and knows of the necessity and opportunity for exercising such control. *See* RESTATEMENT (SECOND) OF TORTS § 317 (1965).[1] A negligent training claim involves a lack of diligence in supervising an

---

[1] In *Mallory v. O'Neil*, 69 So.2d 313, 315 (Fla. 1954), the Florida Supreme Court adopted the First Restatement of Torts as a sound rule for negligent supervision claims. Section 317 of the Restatement (Second) of Torts (1965) contains identical language to the First Restatement and provides that:

> A master is under a duty to exercise reasonable care so as to control his servant while acting outside the course of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
> (a) the servant
> (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
> (ii) is using a chattel of the master, and

employee.  *See Pic N'Save Cent. Florida, Inc. v. Dept. of Bus. Regulation*, 601 So.2d 245, 255 (1st DCA 1992).

Defendant is correct in noting that the underlying wrong committed by an employee in a negligent retention, supervision, or training claim "must be based on an injury resulting from a tort which is recognized under common law." *Scelta v. Delicatessen Support Services, Inc.*, 57 F.Supp.2d 1327, 1348 (M.D. Fla. 1999) (internal citations omitted).  Florida law does not recognize a common law cause of action based on the negligent failure to maintain a workplace free of sexual harassment. *Id.* (internal citation omitted); *see also Castleberry v. Edward M. Chadbourne, Inc.*, 810 So.2d 1028, 1030 (1st DCA 2002) (citing *Scelta v. Delicatessen Support Services, Inc.*, 57 F.Supp. 2d 1327 (M.D. Fla. 1999)).

Plaintiff argues that she has alleged a claim for negligent retention because she complained of White's conduct and Defendant knew of White's harassing conduct and failed to take action.  Plaintiff further contends that she does not allege a common law cause of action for race or gender discrimination or negligent failure to maintain a workplace free of sexual harassment.  Plaintiff claims that she alleged that Defendant had a duty to train and supervise White, that Defendant owed a duty of care to those placed under White's supervision, and that Defendant breached its duty to train and supervise White which resulted in harassment.

Plaintiff's allegations in Count III of the complaint are similar to the allegations in *Scelta* in which the trial court in the Middle District of Florida found that the plaintiff had failed to state a claim

---

(b) the master
    (i) knows or has reason to know that he has the ability to control his servant, and
    (ii) knows or should know of the necessity and opportunity for exercising such control.
RESTATEMENT (SECOND) OF TORTS § 317 (1965).

-5-

for negligent retention and supervision.  *See Scelta*, 57 F.Supp.2d at 1337.  In Count V of plaintiff Scelta's complaint, Scelta asserted claims for negligent supervision and retention of an employee. Scelta averred that the defendant employer had a duty to supervise the employment decisions of the employee and failed to take reasonable steps to discover the decisions and actions of the employee.  *Id.*  As a result of the employee's actions, the defendant employer allowed the sexual harassment to continue.  *Id.*  Count VI of Scelta's complaint alleged claims for negligent supervision and retention related to another employee.  *Id.*  Scelta alleged that she was subjected to verbal assaults, physical assaults, and a hostile work environment and claimed that the defendant employer allowed the harassment to continue as a result of its actions.  *Id.* at 1337-38.

Similar to Scelta's allegations, Plaintiff in the instant case alleges that Defendant breached its duty to Plaintiff in failing to hire, instruct, train, supervise, and employ White by failing to implement policies and procedures regarding sexual harassment which made White's harassing conduct reasonably foreseeable.  (Doc. No. 1, ¶ 29).

Count III of the complaint does not allege an independent underlying tort nor does the complaint allege a claim for intentional infliction of emotional distress.  Plaintiff must allege an underlying tort recognized under Florida law in order to recover for negligent hiring, training, and supervision.  *Scelta*, 57 F.Supp.2d at 1348; *see also Castleberry*, 810 So.2d at 1030.  Rather than alleging an independent underlying tort, Plaintiff in effect alleges that Defendant had a duty to maintain a work environment free of sexual harassment.  Because Count III of the complaint is based on a common law claim of sexual harassment which is not recognized as an independent underlying tort under Florida law, the Court grants Defendant's Motion to dismiss as to Count III.  *See Castleberry*, 810 So.2d at 1030 (affirming the trial court's order dismissing the plaintiff's claims of

negligent retention, supervision, and training because the plaintiff based her negligence claims on the defendant's actual or constructive knowledge of its employees to speak and act in a sexist, harassing, and retaliatory manner, that the defendant retained those individuals in its employ, and that the defendant failed to properly train and supervise its employees).

Defendant's second argument in support of its Motion to Dismiss Count III is that Plaintiff cannot maintain an actionable claim for negligent retention, training, and supervision because she has not alleged an injury resulting from physical impact. Defendant cites *Scelta*, 57 F.Supp.2d at 1348, and *Perez v. Pavez*, No. 8:01-CV-0069-T-27 MSS, 2002 U.S. Dist. LEXIS 21871, at *15 (M.D. Fla. Oct. 17, 2002) in support of its argument. Neither of these cases stand for the proposition that Defendant argues.

In *Scelta*, the trial court in the Middle District of Florida stated that in order to recover damages for emotional distress caused by the negligence of another, the plaintiff's allegations must comply with Florida's impact rule. 57 F.Supp.2d at 1348. In *Perez*, the trial court in the Middle District of Florida stated that in order to recover damages for emotional distress in connection with hiring, supervision, and retention, the plaintiff must demonstrate that the emotional stress flowed from injuries sustained in an impact. 2002 U.S. Dist. Lexis 21871 at *14.

Defendant has construed *Scelta* and *Perez* too broadly. Neither case stands for the proposition, nor has the Court's independent research produced a case, that a plaintiff must demonstrate an injury resulting from a physical impact in order to recover for negligent retention, training, and supervision. The impact rule in Florida provides that "'before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact.'" *Southern Baptist Hosp. of Fla. v. Welker*, 809 So.2d 317, 320

(Fla. 2005) (internal citation omitted). Because Count III does not seek damages for emotional distress and only seeks compensatory damages and costs, *Scelta* and *Perez* are not applicable to the instant case, and Defendant's argument that a plaintiff must demonstrate an injury resulting from a physical impact in order to recover for negligent retention, training, and supervision is without merit.[2]

### Conclusion

Based on the foregoing, the Court **GRANTS** Defendant Hartford Insurance's Motion to Dismiss Count III of the Complaint. (Doc. No. 15). The Court **dismisses** Count III. Plaintiff has ten days from the date of this Order to file an Amended Complaint that complies with this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December __12__, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

---

[2] Because a plaintiff need not demonstrate a physical impact in order to recover compensatory damages for negligent hiring, training, or retention, the Court will not analyze Plaintiff's argument that a miscarriage is a physical impact.

Counsel of Record